**In re CADENCE INNOVATION LLC, et al., Debtors.**

**Cadence Innovation LLC, Plaintiff,**

v.

**Delta Tooling Company, Defendant.**

Bankruptcy No. 08–11973(KG).
Adversary No. 10–52410(KG).

United States Bankruptcy Court, D. Delaware.

Dec. 13, 2010.

Patrick J. Reilley, Cole, Schotz, Meisel, Forman & Leonard, Wilmington, DE, for Plaintiff.

Howard A. Cohen, Drinker Biddle & Reath LLP, Wilmington, DE, for Defendant.

## ORDER DETERMINING CORE STATUS

KEVIN GROSS, Bankruptcy Judge.

Defendant Delta Tooling ("Defendant") has filed a Motion for Withdrawal of the Reference of the captioned adversary proceeding. The District Court will determine the withdrawal issue. Defendant has also filed its Motion of Defendant Delta Tooling Company for Determination Under 28 U.S.C. Section 157(b)(3) as to Whether Claims are Core or Non-core ("the Motion") (Adv. D.I. 7). Section 157(b)(3) provides that the Court "shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."

■ The Debtors' complaint asserts claims for avoidance of specified transfers pursuant to Sections 547(b) and 550(a) of the Bankruptcy Code, and to disallow Defendant's claims pursuant to 502(d) of the Bankruptcy Code. The claims which Debtors have asserted are clearly core claims.

■ Although the Bankruptcy Code does not define the term "core," the Court of Appeals for the Third Circuit has stated: " 'a proceeding is core under Section 157 if it invokes a substantive right provided by [T]itle 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990) (quoting *Matter of Wood*, 825 F.2d 90 (5th Cir.1987)). In addition, 28 U.S.C. § 157 provides a non-exclusive list of core proceedings, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," "proceedings to determine, avoid, or recover preferences," "proceedings to determine, avoid, or recover fraudulent conveyances," "determinations of the validity, extent, or

priority of liens," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship."

Cases in this District have further defined "core" proceeding. "To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be a peripheral state law involvement." *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities,* 107 B.R. 34, 40 (Bankr.D.Del.1989). The Debtors' claims against Defendant in the adversary proceeding are clearly of a nature which could arise only in a bankruptcy case, and also are enumerated as "core" in 28 U.S.C. Section 157(b)(2).

The Debtors do not oppose the Motion. Debtors also identify the claims as "core" in their Complaint. The Court concurs.

WHEREFORE, the Court hereby FINDS and ORDERS that the claims which Debtors assert in the adversary proceeding are "core".